NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-284

COMMONWEALTH

vs.

NANCY WHITE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial, the defendant was convicted of operating a motor vehicle under the influence of alcohol (fourth offense) and operating a vehicle with a license revoked as a habitual traffic offender.  On appeal, the defendant claims that the judge erred in denying her motion to suppress evidence derived from the traffic stop because the stop was not supported by reasonable suspicion.  The judge reasoned that the stop was justified because the police relied on information provided by an identified witness who made firsthand observations of the defendant negligently operating her vehicle.  We affirm.

In reviewing the denial of a motion to suppress, we accept the motion judge's findings of fact unless they are clearly

erroneous.  See Commonwealth v. Bell, 473 Mass. 131, 138 (2015), cert. denied 579 U.S. 906 (2016).  Because we discern no clear error of fact, "our legal analysis focuses on 'the correctness of the judge's application of constitutional principles to the facts as found.'"  Commonwealth v. Depina, 456 Mass. 238, 241 (2010), quoting Commonwealth v. Scott, 440 Mass. 642, 646 (2004).

"When, as here, a police radio broadcast directs officers to make an investigatory stop of a motor vehicle, the stop is lawful only if the Commonwealth establishes both the indicia of reliability of the transmitted information and the particularity of the description of the motor vehicle."  Commonwealth v. Lopes, 455 Mass. 147, 155 (2009).  To meet its burden, "the Commonwealth must show the basis of knowledge of the source of the information (the basis of knowledge test) and the underlying circumstances demonstrating that the source of the information was credible or the information reliable (veracity test)."  Id. at 155-156.  "Because the standard is reasonable suspicion rather than probable cause, a less rigorous showing in each of these areas is permissible."  Commonwealth v. Lyons, 409 Mass. 16, 19 (1990).  Though "[i]ndependent police corroboration may make up for deficiencies in one or both of these factors" (citation omitted), Commonwealth v. Riggieri, 438 Mass. 613, 615-616 (2003), such corroboration is not required where the

2

witness's basis of knowledge and reliability is sufficient, see Lopes, supra at 156.

Here, the source of the information was a 911 caller who identified herself and saw the defendant's erratic driving. The witness gave the 911 operator her name, home address, and a description of her own vehicle. Though she could not identify any physical characteristics of the defendant, she accurately described the defendant's vehicle as a tan Chrysler with Wisconsin plates. The witness followed the defendant's vehicle for about two minutes and provided real-time commentary on the defendant's driving; she described how the defendant could "barely stay on the road" and kept "veering off to the right and then going back on." As the defendant turned off the road, the witness gasped as she described the defendant almost hitting a telephone pole. The 911 operator broadcast this information to the officers, including the officer who eventually stopped the defendant.

"Because the basis of [the witness's] knowledge was [her] own personal observation" and "[she] gave [her] true name to the police . . . [the witness's] information more than satisfied both the basis of knowledge test and the veracity test." Lopes, 455 Mass. at 156. The witness's tip met the Commonwealth's burden to establish reasonable suspicion for the investigatory stop. See id. (information based on personal knowledge from

3

witness who identified self to police satisfied both knowledge and veracity tests).  See also Commonwealth v. White, 422 Mass. 487, 496-497 (1996) (radio broadcast based on police interviews with witnesses at scene of crime determined reliable).

Judgments affirmed.

By the Court (Singh,
  Hershfang & Wood, JJ.[1]),

Clerk

Entered:  July 27, 2026.

---

[1] The panelists are listed in order of seniority.